**Roberto CANELA–GUERRERO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03-70976.
Agency No. A77-110-864.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

James G. Roche, Law Offices of James G. Roche, Santa Ana, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stephen J. Flynn, DOJ—U.S. Department of Justice, Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Roberto Canela–Guerrero, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals affirming pursuant to 8 C.F.R. § 3.1(e)(4) without opinion an immigration judge's removal order.

Petitioner contends that the immigration judge erred by failing to conduct a fair hearing to enable him to present his case for eligibility for cancellation of removal pursuant to Section 240A of the Immigration and Nationality Act, 8 U.S.C. § 1229b. We need not reach this contention because petitioner's early–1990s administrative voluntary removal, which petitioner does not contest occurred, precludes him from establishing the ten years of continuous physical presence required for eligibility for cancellation of removal. 8 U.S.C. § 1229b(b)(1); *Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 969–74 (9th Cir.2003) (per curiam) (upholding the BIA's conclusion that administrative voluntary departure, effectuated in lieu of removal proceedings, continues after 1996 amendments to constitute a break in continuous physical presence).

Petitioner's contention that the BIA was required to state reasons for its affirmance of the immigration judge's decision is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003) (holding that it does not violate due process for the BIA to affirm an immigration judge's decision without issuing an opinion).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.